IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**DEONTE SCOTT**, *individually and on behalf of others similarly situated*,

    Plaintiff,

v.

**FRANKE FOODSERVICE SYSTEMS AMERICAS, INC.,** and **RANDSTAD NORTH AMERICA, INC.**

    Defendants.

NO. _____

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Deonte Scott ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") collective action against Franke Foodservice Systems Americas, Inc. and Randstad North America, Inc. ("Defendants") and states as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid distribution employees.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half times their regular hourly rate of pay.

### II. PARTIES

3. Defendant Franke Foodservice Systems Americas, Inc. ("Defendant Franke") is a

1

Delaware Corporation with its headquarters located at 800 Aviation Parkway, Smyrna, Tennessee 37167-2581. Its agent for service of process is C T Corporation System, 300 Montvue, Tennessee 37919-5546.

4. Defendant Randstad North America, Inc., ("Defendant Randstad") is a Delaware Corporation with its offices located at 503 Highway 52 West, Fayetteville, Tennessee 37083. Its agent for service of process is C T Corporation System, 300 Montvue, Tennessee 37919-554. Defendants jointly employed Plaintiff and those similarly situated.

5. Plaintiff Deonte Scott has been employed by Defendants as an hourly-paid production employee within this district during all times material to this collective action. Plaintiff Scott's "Consent to Join" form is attached as *Exhibit A*.

### III. JURISDICTION AND VENUE

6. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant Franke's headquarters are in this district and Defendant Franke conducted business in this district during all times material to this action.

### IV. CLASS DESCRIPTION

8. Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid production employees who were employed by and worked for the Defendant "full time" for at least one week in the United States from at any time from December 2, 2019 up to and including the present and who is a Named Plaintiff or elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

## V.     COVERAGE

9. Plaintiff and those similarly situated have been "employees" of Defendants, as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

10. Defendants have been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this complaint.

11. Defendants have been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

12. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

## VI.     FACTUAL ALLEGATIONS

13. Defendant Franke is a manufacturer and distributor of kitchen-related products for foodservice and commercial retail chains, worldwide.

14. Defendant Franke has manufacturing plants in Tennessee, including one in Fayetteville, Tennessee, where Plaintiff was employed during all times material to this action.

15. Defendant Randstad is a temporary employment service that has provided workers to Defendant Franke during all times material herein.

16. Defendants established and administered the pay practices of Plaintiff and similarly situated hourly-paid production employees in that Defendant Randstad compensated

Plaintiff and other similarly situated production employees based on the monetary funds it received from Defendant Franke for the specific purpose of so compensating them.

17. But for such funding from Defendant Franke, Defendant Randstad would have had no funding by which to compensate Plaintiff and similarly situated hourly-paid production employees for the work they performed for Defendant Franke. Defendant Randstad merely was a conduit through which Plaintiff and similarly situated production employees were paid.

18. Plaintiff and those similarly situated were trained and supervised by Defendant Franke in all facets of their work.

19. Plaintiff and those similarly situated were required to follow the directions and instructions of Defendant Franke's supervisors in terms of how their work was to be performed.

20. Plaintiff Scott was terminated from his employment by Defendant Franke.

21. Defendant Franke received the sole benefit of the labor of Plaintiff and similarly situated hourly-paid production employees for their work at its manufacturing plants.

22. Defendant Franke suffered and permitted Plaintiff and similarly situated hourly-paid production employees to perform work for it.

23. Defendant Franke determined the means and methods, as well as the operational procedures, related to the work of Plaintiff and similarly situated hourly-paid production employees while performing job duties for it, during all times relevant to this action.

24. Defendant Franke determined the work shifts and hours per shift of Plaintiff and those similarly situated while performing job duties for it, during all times relevant to it.

25. Plaintiff and similarly situated hourly-paid production employees relied on the compensation they received for performing work for Defendant Franke.

26. Plaintiff and other similarly situated hourly-paid production employees routinely performed work for Defendants in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

27. At all times material to this action, Defendants have had a time keeping system for the purpose of recording the compensable hours worked by Plaintiff and similarly situated hourly-paid production employees - while performing job duties at Defendant Franke's manufacturing facilities.

28. On information and belief, Plaintiff and similarly situated hourly-paid production employees were compensated only for work performed from the beginning time of their scheduled shifts to the ending time of their scheduled shifts.

29. However, Defendants had a common practice or requiring, inducing, expecting, encouraging and/or, suffering and permitting, Plaintiff and similarly situated hourly-paid production employees to perform work-related activities prior to the beginning of their assigned shifts. This before shift work consists of placing materials on work tables, making boxes for their work stations, washing parts, and other such work-related preparations. All of this constitutes more than a *de minimis* amount of work time.

30. Plaintiff and those similarly situated were not compensated for such pre-shift "off-the-clock" work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

31. These "off-the-clock" wage claims of Plaintiff and similarly situated hourly-paid production employees are unified through a common theory of Defendants' FLSA statutory violations.

32. Defendants' common practice of not compensating Plaintiff and class members for all their

compensable overtime hours at the applicable FLSA overtime rates of pay has violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

33. Defendants' failure to compensate Plaintiff and those similarly situated for such unpaid pre-shift work-related activities was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

34. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

35. The net effect of Defendants' common practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b).

37. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

38. While the exact number of collective members is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, he believes there are more than 100 individuals in the class.

39. Plaintiff and collective members are similarly situated as their claims are based on Defendants' compensation and time keeping plans and practices, as previously described.

40. They are similarly situated in that their claims are united through common theories of Defendants' FLSA statutory violations.

41. Defendants acted willfully and/or with reckless disregard to established FLSA overtime wage requirements.

42. Plaintiff and collective members have suffered, and will continue to suffer, irreparable damage from the unlawful compensation plans and practices of Defendants.

## COUNT I
### (Violation of the Fair Labor Standards Act)

43. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

44. Defendants failed to pay Plaintiff and collective members for all overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay period during all times material to this Collective Action, as previously described.

45. Defendants has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and other collective members at least the applicable FLSA overtime compensation rate of pay for hours over 40 per week, within weekly pay periods during all times material to this action.

46. These claims are unified through common theories of Defendants' FLSA violations.

47. Defendants' conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

48. Defendants' conduct was without a good faith basis.

49. As a result, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

50. Plaintiff and collective members are entitled, and hereby seek, to recover from Defendants compensation for unpaid overtime compensation, an additional equal amount as liquidated

damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

A. Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising collective members of the pendency of this action and permitting them the right to opt-in to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and class members;

C. An award of liquidated damages to Plaintiff and class members;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and class members;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: January 3, 2023.                          Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***